UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CLOSE ARMSTRONG LLC,<br><br>Plaintiff,<br><br>v.<br><br>TRUNKLINE GAS COMPANY LLC,<br><br>Defendant. | CAUSE NO. 3:18-CV-270 DRL-MGG |

——— CONSOLIDATED WITH: ———

| | |
|---|---|
| RANDALL L. DICKSON and JAYMIE L. DICKSON,<br><br>Plaintiffs,<br><br>v.<br><br>TRUNKLINE GAS COMPANY LLC,<br><br>Defendant. | CAUSE NO. 3:18-CV-494 DRL-MGG |

STIPULATED FINAL JUDGMENT AND ORDER

Plaintiff/Counterclaim Defendant Close Armstrong, LLC ("Close Armstrong"), Plaintiffs/Counterclaim Defendants Randall L. Dickson and Jaymie L. Dickson (together, "Dicksons," and collectively with Close Armstrong, "Plaintiffs"), and Defendant/Counterclaimant Trunkline Gas Company, LLC ("Trunkline," and together with Plaintiffs, the "Parties"), by counsel, stipulate to the entry of this Stipulated Final Judgment ("Judgment") to define what area and width across Plaintiffs' Properties (defined herein) accommodates (a) Trunkline's exercised use of that portion of its easement rights on Plaintiffs' Properties devoted to its "100 Line" pipeline in its current location, and (b) Trunkline's ingress and egress across Plaintiffs' Properties to and from the 100 Line in its current location.

1

NOW THEREFORE, the Parties having requested the Court to enter this Judgment, and the Court having considered the agreements reached by the Parties as set forth in this Judgment, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court has ruled on two summary judgment motions in this case. *See Close Armstrong, LLC v. Trunkline Gas Co., LLC*, 667 F. Supp.3d 908 (N.D. Ind. 2023); *Close Armstrong, LLC v. Trunkline Gas Co., LLC*, 434 F. Supp.3d 658 (N.D. Ind. 2020).

2. To avoid trial and to save judicial resources, the Parties have agreed to stipulate to the width and area which accommodates (a) Trunkline's exercised use of that portion of its easement rights on Plaintiffs' properties devoted to its 100 Line pipeline in its current location, and (b) Trunkline's needs for ingress and egress across Plaintiffs' Properties to and from the 100 Line in its current location.

3. The Court is authorized to render a declaratory judgment on these issues pursuant to 28 U.S.C. § 2201(a).

4. Dicksons own a 160-acre property ("Dickson Property"), comprised of two parcels in Starke County, Indiana, which is legally-described as follows:

> The Southwest Quarter of Section 1 in Township 33 North, Range 1 West of the 2nd P.M., except that part lying South of the Gjemre Ditch.
>
> ALSO, all that part of the North Half of the Northwest Quarter of Section 12, in Township 33 North, Range 1 West of the 2nd P.M., lying North of the center line of the dredge ditch known as Gjemre Ditch.

5. Close Armstrong owns an 80-acre property ("Close Armstrong Property," and together with Dickson Property, the "Plaintiffs' Properties"), comprised of two parcels in Starke County, Indiana, which is legally-described as follows:

> All that part of the North Half (N ½) of the Northwest Quarter (NW ¼) of Section 12, Township 33 North, Range 1 West, lying south of the center line of the present established dredge ditch known as the

2

> Gjemre Ditch.
>
> Also, that part of the South Half (S ½) of the Southwest Quarter (SW ¼) of Section 1 south of the said Gjemre Ditch, all in Township 33 North, Range 1 West of the 2nd P.M., Starke County, Indiana.

6. On June 23, 1959, Carl H. Gjemre, Sr. and Myrtle Gjemre, the former owners of the Dickson Property, executed and delivered a Right of Way Agreement ("Dickson Easement") in favor of Trunkline, which was later recorded at the Starke County, Indiana, Recorder's Office. A true and accurate copy of the Dickson Easement is attached to this Judgment as **Exhibit 1**.

7. On June 17, 1959, Vincent and Leo Paull, the former owners of the Close Armstrong Property, executed and delivered the Right-of-Way Agreement ("Close Armstrong Easement," and together with the Dickson Easement, the "Easements") in favor of Trunkline, which was later recorded at the Starke County, Indiana, Recorder's Office. A true and accurate copy of the Close Armstrong Easement is attached to this Judgment as **Exhibit 2**.

8. Since 1960 and pursuant to the Easements, Trunkline has owned and operated a 26-inch diameter high-pressure interstate natural gas pipeline (i.e., the 100 Line) across Plaintiffs' Properties in the location generally depicted below:



3

9. Since the original installation of the 100 Line, Trunkline has cleared and maintained a corridor of sixty-six (66) feet in width through Plaintiffs' Properties that is thirty-three (33) feet on either side of the 100 Line for routine aerial patrol and surface inspections.

10. From and after the date hereof, clearing and maintaining a corridor of sixty-six (66) feet in width across Plaintiffs' Properties (parallel with the 100 Line in its actual physical location as of the date of this Judgment, and being thirty-three (33) feet on either side of the 100 Line) is the width and area for Trunkline to continue to conduct routine aerial patrol and surface inspections of the 100 Line as it has done in the past.

11. From and after the date hereof, a corridor of one hundred forty-one (141) feet in width across Plaintiffs' properties (parallel with the 100 Line in its actual physical location as of the date of this Judgment, and being fifty (50) feet on the northwest side of the 100 Line and ninety-one (91) feet on the southeast side of the 100 Line) is the width and area for Trunkline to excavate, maintain, repair, replace, access, alter, remove, change the size of, etc. the existing 100 Line in its present location across Plaintiffs' Properties.

12. In addition to ingress and egress to and from the 100 Line on Plaintiffs' Properties through the corridors identified herein, from and after the date hereof, access to the 100 Line on the Dickson Property via the route approximately identified in red font in the depiction below at a width of thirty-two (32) feet is an additional means of ingress and egress to and from the 100 Line and the corridors identified herein:



13. This Judgment is valid and binding on the Parties upon entry. However – the Plaintiffs intend to appeal this Court's summary judgment rulings. If this Court's summary judgment rulings are reversed, remanded, or vacated by the United States Court of Appeals for the Seventh Circuit, the United States Supreme Court, or the Indiana Supreme Court, this Judgment may be modified or vacated to the extent necessary to be in accordance with and consistent with any final certified appellate opinion. If this Court's summary judgment rulings are affirmed on appeal or certification, or if this Judgment is not modified or vacated following any final certified appellate opinion, then this Judgment shall remain in full force and neither Party may appeal this Judgment.

14. This is a final judgment under Fed. R. Civ. P. 54. The Parties agree that they will not appeal this Judgment, and expressly waive any right to do so. However, the Parties reserve any rights they have to appeal any or all parts of this Court's past summary judgment rulings, including the right

to request (and to object to any request for) certification of legal questions regarding this Court's past summary judgment rulings to the Indiana Supreme Court. The Parties will not use the stipulations agreed upon in this Judgment in order to establish the width of Trunkline's rights with respect to the 100 Line during any such appeal, and the stipulations agreed upon in this Judgment shall not constitute admissions by either party on appeal or in the event the Judgment is vacated.

15. This Judgment resolves all claims as to all Parties and issues before this Court and shall take effect immediately upon entry on the docket.

16. This Judgment shall be binding upon and shall inure to the benefit of the Parties and their successors and assigns, and may be recorded in the Office of the Recorder of Starke County, Indiana.

17. This Court retains jurisdiction of this lawsuit for the purposes of construction, post appeal modification, and enforcement of this Judgment.

18. Each party shall bear its own costs and attorneys' fees.

The court also GRANTS the joint motion to vacate the trial date of March 26, 2024 and the remaining trial deadlines [292] and ORDERS the clerk to enter final judgment accordingly.

SO ORDERED.

March 19, 2024                                             *s/ Damon R. Leichty*
                                                           Judge, United States District Court

# Exhibit 1

RIGHT-OF-WAY AGREEMENT    3685    INDIANA

STATE OF INDIANA
COUNTY OF STARKE } ss.                    135-1-22.1

KNOW ALL MEN BY THESE PRESENTS: that the undersigned, Carl H. Gjemre and Myrtle Gjemre, husband and wife,

(hereinafter called GRANTOR, whether one or more), for and in consideration of One Dollar in hand paid, receipt of which is hereby acknowledged, and the further consideration of One Dollar ($1.00) per linear rod to be paid before the first pipe line is laid, does hereby grant, bargain, sell, convey, and warrant unto TRUNKLINE GAS COMPANY (a Natural Gas Company under the Act of Congress of June 21, 1938, 15 U.S.C.A. 717) a Delaware corporation, its successors and assigns (hereinafter called GRANTEE), a right-of-way and easement to construct, lay, maintain, operate, alter, repair, remove, change the size of, and replace one or more pipe lines and appurtenances thereto (including without limitation Cathodic Protection equipment) for the transportation of oil, gas, petroleum products or any other liquids, gases or substances which can be transported through pipe lines, the Grantee to have the right to select, change, or alter the routes of such pipe lines under, upon, over, and through lands which the undersigned owns or in which the undersigned has an interest, situated in the County of Starke State of Indiana, described as follows:

The SW¼ of section 1, township 33 north, range 1 west EXCEPT that part of said quarter section lying south of the Gjemre Ditch (and other land).

ALSO all that part of the N½ of the NW¼ of section 12, township 33 north, range 1 west lying north of the center line of the present established dredge ditch known as the Gjemre Ditch.

more fully described in deed from _____ to Carl H. Gjemre

recorded in Volume 87, Page 249, Deed Records of said County and State, to which reference is here made.   84   395

By the terms of this agreement, Grantee is granted the right to lay, construct, maintain, operate, alter, repair, remove, change the size of, and replace at any time or from time to time one or more additional lines of pipe and appurtenances thereto, said additional lines not to necessarily parallel any existing line laid under the terms of this agreement. Provided, however, that for each additional line laid after the first line is laid hereunder, Grantee shall pay Grantor, his heirs or assigns, One Dollar ($1.00) per lineal rod of additional pipe line laid under, upon, over or through said hereinabove described property.

The Grantee, its successors and assigns, is hereby expressly given and granted the right to assign said right-of-way and easement herein granted and conveyed, or any part thereof, or interest therein. The same shall be divisible among two or more owners as to any right or rights granted hereunder so that each assignee or owner shall have the rights and privileges herein granted, to be owned and enjoyed either in common or in severalty.

TO HAVE AND TO HOLD unto the Grantee, its successors and assigns, with ingress to and egress from the premises for the purposes herein granted.

The said Grantor may fully use and enjoy said premises except for the purposes herein granted to the said Grantee and provided the said Grantor shall not construct or permit to be constructed any house, structures or obstructions on or over or that will interfere with the construction, maintenance or operation of any pipe line or appurtenances constructed hereunder and will not change the grade of such pipe line.

Grantee hereby agrees to bury all pipes to a sufficient depth so as not to interfere with cultivation of the soil and agrees to pay for any damage to growing crops and fences which may arise from the construction, maintenance and operation of said lines. Said damage, if not mutually agreed upon, shall be ascertained and determined by three disinterested persons, one thereof to be appointed by said Grantor, one to be appointed by the Grantee, its successors or assigns, and the third to be chosen by the two persons appointed as aforesaid. The written award of such three persons shall be final and conclusive.

It is mutually understood and agreed that this agreement as written covers all the agreements and stipulations between the parties and that no representations or statements, oral or written, have been made modifying, adding to, or changing the terms hereof.

All payments hereunder may be made by check or draft of Grantee direct or by mail to Grantor at _____

Koontz Lake, Indiana _____, or to._____

at_____, who is hereby appointed agent and is authorized to receive and receipt for the same; or, at the option of Grantee such payments may be made by depositing the same in_____ Bank, at_____

IN WITNESS WHEREOF, the Grantors herein have executed this conveyance this 23rd day of June, 1959.

WITNESSES
J. ___ Walton                     Carl H. Gjemre
B. Walton                         Myrtle Gjemre

THIS INSTRUMENT PREPARED BY

E. O. Walton
AGENT FOR TRUNKLINE GAS COMPANY

TRUNKLINE 000781

8

135-1-2201

## ACKNOWLEDGMENT FOR HUSBAND AND WIFE

STATE OF INDIANA,
COUNTY OF STARKE

Before me, a Notary Public, this 23rd day of June, 19 59, Carl H. Gjemre and Myrtle Gjemre, his wife severally acknowledged the execution of the annexed Right of Way Agreement.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

My Commission expires

6-18-63

Claude Keiser, Notary Public

## ACKNOWLEDGMENT FOR SINGLE PERSON

STATE OF INDIANA,
COUNTY OF Starke

Before me, a Notary Public, this 23rd day of June, 19 59, Carl H. Gjemre & Myrtle Gjemre acknowledged the execution of the annexed Right of Way Agreement. And the said _____ further declared _____ to be single and unmarried.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

My Commission expires

6-18-63.

Claude Keiser, Notary Public

36635

LINE NO. _____

RIGHT-OF-WAY AGREEMENT

FROM _____

TO

TRUNKLINE GAS COMPANY

STATE OF INDIANA
COUNTY OF STARKE

This instrument was filed for record on the 5 day of SEPT. 19__, at 9:32 o'clock A.M., and duly recorded in Book 108 page 252-253 of the records of this office.

John P. Osborn, Recorder
_____ Deputy

TRUNKLINE GAS CO.,
By: Box 1642
Houston, Texas

NUMBER _____

RIGHT OF WAY DEPARTMENT

## CORPORATE ACKNOWLEDGMENT

STATE OF INDIANA,
COUNTY OF _____

Personally appeared before me, the undersigned, a Notary Public in and for the County and State aforesaid, _____, who acknowledged that as _____ President of, for and on behalf of _____, and by authority of the _____ Company, he signed, affixed the corporate seal of said Company to, and delivered the foregoing instrument, on the day and year therein mentioned.

Given under my hand and official seal, this the _____ day of _____, 19__.

My Commission expires:

_____ Notary Public

TRUNKLINE 000782

# Exhibit 2

# RIGHT-OF-WAY AGREEMENT

INDIANA

9542

135-1-22

STATE OF INDIANA
COUNTY OF STARKE } ss.

KNOW ALL MEN BY THESE PRESENTS: that the undersigned, Leo A. Paull, and Vincent G. Paull, single, and as joint tenants,

(hereinafter called GRANTOR, whether one or more), for and in consideration of One Dollar in hand paid, receipt of which is hereby acknowledged, and the further consideration of One Dollar ($1.00) per linear rod to be paid before the first pipe line is laid, does hereby grant, bargain, sell, convey, and warrant unto TRUNKLINE GAS COMPANY (a Natural Gas Company under the Act of Congress of June 21, 1938, 15 U.S.C.A. 717) a Delaware corporation, its successors and assigns (hereinafter called GRANTEE), a right-of-way and easement to construct, lay, maintain, operate, alter, repair, remove, change the size of, and replace one or more pipe lines and appurtenances thereto (including without limitation Cathodic Protection equipment) for the transportation of oil, gas, petroleum products or any other liquids, gases or substances which can be transported through pipe lines, the Grantee to have the right to select, change, or alter the routes of such pipe lines under, upon, over, and through lands which the undersigned owns or in which the undersigned has an interest, situated in the County of Starke, State of Indiana, described as follows:

All that part of the N½ of the NW¼ of section 12 lying south of the center line of the present established dredge ditch known as the Gjemre Ditch;

Also that part of the S½ of the SW¼ of section 1 south of the said Gjemre Ditch, all in township 33 north, range 1 west of the 2nd P.M.

more fully described in deed from _____ to Leo A. Paull, et al

recorded in Volume 94, Page 100, Deed Records of said County and State, to which reference is here made.

By the terms of this agreement, Grantee is granted the right to lay, construct, maintain, operate, alter, repair, remove, change the size of, and replace at any time or from time to time one or more additional lines of pipe and appurtenances thereto, said additional lines not to necessarily parallel any existing line laid under the terms of this agreement. Provided, however, that for each additional line laid after the first line is laid hereunder, Grantee shall pay Grantor, his heirs or assigns, One Dollar ($1.00) per lineal rod of additional pipe line laid under, upon, over or through said hereinabove described property.

The Grantee, its successors and assigns, is hereby expressly given and granted the right to assign said right-of-way and easement herein granted and conveyed, or any part thereof, or interest therein. The same shall be divisible among two or more owners as to any right or rights granted hereunder so that each assignee or owner shall have the rights and privileges herein granted, to be owned and enjoyed either in common or in severalty.

TO HAVE AND TO HOLD unto the Grantee, its successors and assigns, with ingress to and egress from the premises for the purposes herein granted.

The said Grantor may fully use and enjoy said premises except for the purposes herein granted to the said Grantee and provided the said Grantor shall not construct or permit to be constructed any house, structures or obstructions on or over or that will interfere with the construction, maintenance or operation of any pipe line or appurtenances constructed hereunder and will not change the grade of such pipe line.

Grantee hereby agrees to bury all pipes to a sufficient depth so as not to interfere with cultivation of the soil and agrees to pay for any damage to growing crops and fences which may arise from the construction, maintenance and operation of said lines. Said damage, if not mutually agreed upon, shall be ascertained and determined by three disinterested persons, one thereof to be appointed by said Grantor, one to be appointed by the Grantee, its successors or assigns, and the third to be chosen by the two persons appointed as aforesaid. The written award of such three persons shall be final and conclusive.

It is mutually understood and agreed that this agreement as written covers all the agreements and stipulations between the parties and that no representations or statements, oral or written, have been made modifying, adding to, or changing the terms hereof.

All payments hereunder may be made by check or draft of Grantee direct or by mail to Grantor at _____ Knox, Indiana, R. # 2 _____, or to _____

at _____, who is hereby appointed agent and is authorized to receive and receipt for the same; or, at the option of Grantee such payments may be made by depositing the same in _____ Bank, at _____.

IN WITNESS WHEREOF, the Grantors herein have executed this conveyance this 17th day of June, 19 59.

WITNESSES

B. Walton

Leo A. Paull

Vincent G. Paull

THIS INSTRUMENT PREPARED BY

E. O. Walton

AGENT FOR TRUNKLINE GAS COMPANY

TRUNKLINE 000709

135+22

## ACKNOWLEDGMENT FOR HUSBAND AND WIFE

STATE OF INDIANA,
COUNTY OF STARKE } ss.

Before me, a Notary Public, this 17th day of June, 19 59,
_____ and _____, his wife
severally acknowledged the execution of the annexed Right of Way Agreement.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

My Commission expires

6-18-63

*Claude Keiser*
Claude Keiser, Notary Public

## ACKNOWLEDGMENT FOR SINGLE PERSON

STATE OF INDIANA,
COUNTY OF STARKE } ss.

Before me, a Notary Public, this 17th day of June, 19 59,
Leo A. Paull & Vincent G. Paull acknowledged the execution of the annexed Right of Way Agreement.
And the said Leo A. Paull & Vincent G. Paull further declared themselves to be single and unmarried.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

My Commission expires

6-18-63

*Claude Keiser*
Notary Public

---

LINE NO. _____

RIGHT-OF-WAY AGREEMENT

FROM

Leo A. Paull, Vincent G. Paull

TO

TRUNKLINE GAS COMPANY

STATE OF INDIANA
COUNTY OF STARKE } ss.

This instrument was filed for record on the 5 day of SEPT, 1959, at 9:30 o'clock A. M., and duly recorded in Book 168 page 263-65 of the records of this office.

*John P. Luberaun*, Recorder
By _____, Deputy

TRUNKLINE GAS CO.
Box 1642
Houston, Texas

NUMBER _____

RIGHT OF WAY DEPARTMENT

## CORPORATE ACKNOWLEDGMENT

STATE OF INDIANA,
COUNTY OF _____

Personally appeared before me, the undersigned, a Notary Public in and for the County and State aforesaid, _____, who acknowledged that as _____ President of, for and on behalf of _____, and by authority of the _____ Company, he signed, affixed the corporate seal of said Company to, and delivered the foregoing instrument, on the day and year therein mentioned.

Given under my hand and official seal, this the _____ day of _____, 19_____

My Commission expires: _____

_____
Notary Public

TRUNKLINE 000710

12